# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL W. CRANDALL,<br><br>    Plaintiff,<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, and HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY,<br><br>    Defendants. | Case No.: CV 10-00127-REB<br><br>**ORDER RE: MOTION TO AMEND SCHEDULING ORDER**<br><br>**(Docket No. 21)** |

Currently pending before the Court is Plaintiff's Motion to Amend Scheduling Order (Docket No. 21). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order:[1]

## DISCUSSION

This action was filed on March 9, 2010. *See* Compl. (Docket No. 1). Following a May 4, 2010 Telephonic Scheduling Conference, this Court entered a Case Management Order that same day. *See* 5/4/10 CMO (Docket No. 17). Among the dates referenced within the Case Management Order, is a May 25, 2010 deadline to join parties and/or amend pleadings. *See id.* at p. 1. On June 30, 2010, Plaintiff filed his Motion to Amend Scheduling Order, seeking an

---

[1] The Court apologizes to the parties with respect to its delay in addressing Plaintiff's Motion to Amend Scheduling Order.

**ORDER RE: MOTION TO AMEND SCHEDULING ORDER - 1**

extension of the amendment/joinder deadline to a date uncertain.  Defendant has not opposed Plaintiff's amendment efforts.

Generally, a motion to amend is analyzed under FRCP 15(a), with leave to amend being "freely given when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006).  However, were a party seeks to amend a pleading after the deadline to amend pleadings set forth in the court's scheduling order has passed, FRCP 16(b)'s "good cause" standard applies.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The relevant inquiry under FRCP 16(b) focuses on the diligence of the party seeking the amendment - not any potential prejudice to the opposing party.  *See Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 672 (D. Idaho 2006) (citing *Johnson*, 975 F.2d at 609).  In other words, the Court must evaluate "the moving party's diligence in attempting to meet the case management order's requirements."  *See Robinson*, 233 F.R.D. at 672 (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).  Having said this, any prejudice to the opposing party can be an *additional* reason to deny a motion to amend, but it is not the main focus of the Court's inquiry.  *See Robinson*, 233 F.R.D. at 672 (citing *Johnson*, 975 F.2d at 609).  Simply put, if the moving party was not diligent, the inquiry should end.

Although Plaintiff indicates that (1) "Defendants have stone-walled on the discovery requests, which will necessitate Plaintiff making and securing motions to compel"; (2) "Defendants revealed very little of the substantive evidence in response to Plaintiff's discovery requests until the deadline . . . ."; and (3) "[a]n extension is . . . requested so that Plaintiff can come to grips with the discovery already produced and compel other critical discovery . . . ." (*see*

**ORDER RE: MOTION TO AMEND SCHEDULING ORDER - 2**

Mot. to Am., pp. 1-2 (Docket No. 21)), there is no dispute that Plaintiff has not been as diligent as he could have been in either meeting the Case Management Order's deadlines or seeking an extension *before* the expiration of the amendment/joinder deadline. To be sure, Plaintiff waited until over a month after the May 25, 2010 deadline to seek to amend the scheduling order and, according to the Docket, has not moved to compel Defendants to supply more complete discovery responses in the interim.

These realities combine to warrant the denial of Plaintiff's Motion to Amend Scheduling Order (Docket No. 21). However, noting that Defendant filed no objection to Plaintiff's Motion to Amend Scheduling Order and recognizing the very real possibility that circumstances may have changed in between now and the time Plaintiff originally filed his Motion, Plaintiff may file a new motion to amend the Case Management Order if he feels the circumstances so require,[2] keeping in mind the standards referenced above for properly doing so.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Scheduling Order (Docket No. 21) is DENIED.



DATED: **December 8, 2010**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[2] Allowing Plaintiff to later move to amend the Case Management Order should not be misinterpreted as the Court's anticipated adoption of any future amendment attempt.

**ORDER RE: MOTION TO AMEND SCHEDULING ORDER - 3**