UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL W. CRANDALL,<br><br>    Plaintiff,<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, and HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY,<br><br>    Defendants. | Case No.: CV 10-00127-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 67)**<br><br>**DEFENDANTS' MOTION TO ALLOW ADDITIONAL WRITTEN DISCOVERY**<br><br>**(Docket No. 55)** |

Currently pending before the Court are Defendants' (1) Motion for Summary Judgment (Docket No. 67) and (2) Motion to Allow Additional Written Discovery (Docket No. 55). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

On February 25, 2011, Defendants moved for summary judgment. *See* Defs.' Mot. for Summ. J. (Docket No. 36). Following oral argument, on August 22, 2011, the Court granted in part, and denied in part, Defendants' Motion for Summary Judgment. *See* 8/22/11 MDO (Docket No. 59). Relevant to both the procedural and substantive posture of the case now, the

**MEMORANDUM DECISION AND ORDER - 1**

Court granted Defendants' Motion for Summary Judgment on Plaintiff's claim for (1) "lost compensation" damages, (2) damages for "loss on investment in CatRisk," (3) damages for "loss on investment in Physicians Billing and Support Services, Inc.," (4) damages for "loss on investment in Moore Support Services, Inc.," and (5) damages for "loss on accounting services." *See id.* at pp. 10-17; 20-21.

From the Court's perspective, by granting Defendants' Motion for Summary Judgment as to the damages sought by Plaintiff's damages expert, Thomas J. South, a question arose as to Plaintiff's ability to recover *any* damages relating to Plaintiff's remaining causes of action. If no damages could be obtained, the action logically ought to be dismissed in its entirety; on the other hand, if damages were available, the action would proceed forward. To help answer this question, the Court's August 22, 2011 Memorandum Decision and Order requested the parties to comment on the status of the action:

> In light of this Memorandum Decision and Order, on or before August 30, 2011, the parties are to notify the Court concerning the status of the action – specifically, whether Defendants' Motion for Summary Judgment resolves the claims raised in the underlying Complaint. Unless otherwise notified, the Court will vacate any pending deadlines and enter a corresponding judgment, consistent with this Memorandum Decision and Order.

*See id.* at pp. 21-22.

What followed was disagreement between the parties about the resulting posture of the case and, further, their respective submissions to the Court were equivocal in addressing the Court's concerns. Specifically:

• On August 30, 2011, Plaintiff submitted his "Post-Summary Judgment Notice of Status of Matter." *See* Pl.'s Notice (Docket No. 60). There, Plaintiff argued that, following the

**MEMORANDUM DECISION AND ORDER - 2**

Court's Memorandum Decision and Order, Plaintiff's claims for breach of contract and breach of implied covenant of good faith and fair dealing remain to be resolved at trial. *See id*. at p. 2. Additionally, Plaintiff asserted that Defendants' "Motion for Summary Judgment did not dispose of those claims, but only of certain claims for damages relating thereto . . . ." *See id*.[1]

- Also on August 30, 2011, Defendants submitted their "Notification to Court of Status of Case." *See* Defs.' Notification (Docket No. 61). There, Defendants maintained that the Court's Memorandum Decision and Order "fully resolves the case and the Judgment should be entered in favor of the two defendants." *See id*. at p. 2.[2] As to available damages, Defendants argued that there can be none because (1) Plaintiff repeatedly deferred to his "damages expert" for any detail surrounding his damage claims;[3] and (2)

---

[1] Plaintiff also (1) pointed out that his Motion for Leave to Amend Re: Punitive Damages (Docket No. 44) and Motion for Leave to Conduct Additional Discovery (Docket No. 55) are still pending, and (2) requested that the action be ordered to mediation. *See* Pl.'s Notice, p. 2 (Docket No. 60). Neither of these points assists the Court in understanding whether Plaintiff still maintains recoverable claims against Defendants.

[2] Defendants claimed that entry of Judgment in favor of Defendant Hartford Steam Boiler Inspection and Insurance Company ("Hartford Steam Boiler") is straightforward as "the Court entered summary judgment in its favor on all issues." *See* Defs.' Notification, p. 2 (Docket No. 61). This appears to be undisputed. Therefore, the focus now is on whether entry of Judgment in favor of Hartford Casualty Insurance Company ("Hartford Casualty") is appropriate.

[3] In this respect, Defendants cited to two different instances in Plaintiff's deposition. *See* Defs.' Notification, pp. 2-3 (Docket No. 61) (citing to Plaintiff's deposition at 62:11-13, 17-18 and 212:2-6). The Court noted that these references were not included in the original record, submitted in support of Defendants' Motion for Summary Judgment. Having said this, the Court did point out at least one instance in the provided record where Plaintiff seemed to acknowledge (at least in the context provided during the deposition) that he may not be testifying as to his/CatRisk's alleged damages. *See* Pl.'s Depo. at 78:21-79:8, attached as Ex. A to McGee Aff. at ¶ 2 (Docket No. 36, Att. 2) ("Again, I'm not the damages person. I don't think that's been fully settled as to what the damages may or may not be . . . . I'm going to be relying upon the damages expert to tell me what is legitimate and what can or cannot be done.").

**MEMORANDUM DECISION AND ORDER - 3**

the damages outlined by Plaintiff's damages expert, Mr. South, are unrecoverable by virtue of the Court's Memorandum Decision and Order. *See id.* at pp. 2-3 ("In October, some two months after his deposition, plaintiff designated Mr. South and Mr. South's exposition of the plaintiff's damages are all that the defendants and the Court have to go on in evaluating the damage claims of the plaintiff. All of the claims for damages outlined by Mr. South have been dismissed.").

- On September 13, 2011, Plaintiff submitted his "Supplement to Notice of Status of Matter." *See* Pl.'s Supp. to Notice (Docket No. 62). In it, Plaintiff took issue with Defendants' August 30, 2011 submission, stating that Defendants "incorrectly allege[ ] that the Plaintiff's claims against it are incapable of proof because there are allegedly no damages remaining for the Plaintiff to recover." *See id.* at p. 2. Plaintiff further argued that Defendants' Motion for Summary Judgment did not address Plaintiff's other claims, namely breach of contract and bad faith. *See id.* at p. 3 ("Instead, the Plaintiff's claims for breach of contract and for bad faith, as well as damages relating thereto, are conspicuously absent from the Defendants' Motion for Summary Judgment, and the Defendant may not rely on summary adjudication-by-implication in order to attempt to dispose of the Plaintiff's claims."). In other words, it appeared as though Plaintiff was arguing that damages – separate from those identified by Mr. South and already addressed by this Court – are available to Plaintiff as to Plaintiff's breach of contract and bad faith claims. *See id.* ("Far from having no damages claims at all, the damages to which the plaintiff is entitled are, as a matter of law, contract damages in the amount of all unpaid benefits due under the policy . . . . Second, the Plaintiff's 'bad faith' claim . . .

**MEMORANDUM DECISION AND ORDER - 4**

      also remains to be adjudicated, as the Defendants and their counsel again opted not to address this issue in their Motion for Summary Judgment.").

- On September 23, 2011, Defendants submitted their "Memorandum in Support of Defendants' Notification to Court of Status of Case" and, again, argued that the action should be dismissed in its entirety. *See* Mem. in Supp. of Defs.' Notification (Docket No. 65). While admitting that Hartford Casualty has not paid any benefits to CatRisk.com (the assignor), Defendants claimed that Plaintiff simply has not offered any proof of any damages other than those calculated by Mr. South in his expert report. *See id.* at p. 2 ("However, CatRisk.com had not, and has not, proven any recoverable benefits that would be due under the policy and therefore, there was, and is, nothing to pay. The Court has dismissed all of the claims for damages that Plaintiff's expert, Mr. South, postulated. Plaintiff admitted that Mr. South was his <u>sole</u> damage expert. The Plaintiff cannot at this point, having failed to provide any evidence of recoverable damages, claim that there are other damages which have not been disclosed." (Emphasis in original)). According to Defendants, absent damage, there can be no cause of action. *See id.* at p. 4 (citing *Jones v. Talbut*, 394 P.2d 316 (Idaho 1964)).

The sum of such submissions from the parties illustrated the quandary left before the Court following the Court's ruling on the original Motion for Summary Judgment, as to the issues that had been presented and argued to the Court. The parties' submissions did not persuade the Court that there had been resolution of the question of whether *other* damages (beyond those already identified by Mr. South) were available to Plaintiff on any claims that were not specifically dismissed by the Court's August 22, 2011 Memorandum Decision and

**MEMORANDUM DECISION AND ORDER - 5**

Order. With all this in mind, the Court invited Defendants to, once again, move for summary judgment, based upon a discrete, updated record, detailing their arguments in favor of a complete resolution of the action in their favor. *See* 11/16/11 Notice, p. 5 (Docket No. 66) ("Therefore, while it may be viewed as inefficient given all that has transpired thus far, the Court requests that, if Defendants contend that Plaintiff is wholly incapable of recovering any amount of damages on any remaining causes of action, it so move for summary judgment in this limited respect. Only after such arguments are squarely before the Court can Plaintiff respond accordingly and, as such, position this Court to "settle the pond" on this issue and, perhaps, this action entirely.").

On December 2, 2011, Defendants filed a second Motion for Summary Judgment, arguing that "Plaintiff cannot show the existence of evidence to support damages, which is an essential element of his claims for breach of contract and breach of the covenant of good faith and fair dealing against Hartford Casualty Insurance Company."). *See* Defs.' Mot. for Summ. J. (Docket No. 67). Plaintiff naturally opposes Defendants' latest attempt to dismiss any and all remaining claims.

## II. DISCUSSION

**A.     Defendants' Motion for Summary Judgment (Docket No. 67)**

       1.     Motion for Summary Judgment: Standard of Review

Summary judgment is used "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but rather is "the principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption

**MEMORANDUM DECISION AND ORDER - 6**

of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

However, the evidence, including all reasonable inferences which may be drawn therefrom, must be viewed in a light most favorable to the non-moving party (*see id*. at 255) and the Court must not make credibility findings. *Id*. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 256-57. The non-moving party must go beyond the pleadings and show "by [its] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409,

**MEMORANDUM DECISION AND ORDER - 7**

1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). A statement in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389 n. 3 (9th Cir. 1995).

    2.    <u>Plaintiff's "Damages"</u>

Plaintiff's claims for (1) breach of contract, and (2) breach of the covenant of good faith and fair dealing were not dismissed in the Court's prior ruling. Rather, Defendants' original Motion for Summary Judgment only tested certain claims, as well as the sought-after damages reflected within Mr. South's September 30, 2010 expert report. Now, with the damages identified by Mr. South unavailable to Plaintiff, Defendants argue that Plaintiff "cannot recover any amount of damages on any remaining cause of action" and, accordingly, move for summary judgment. *See* Defs.' Mem. in Supp. of Mot. for Summ. J., p. 2 (Docket No. 67, Att. 1).

In response, Plaintiff (now represented by counsel) argues that his "equipment breakdown" and "business interruption" losses, as reflected within the pre-litigation correspondence between him and Defendants' representatives (and, later, re-produced during discovery), are recoverable under one or all of the remaining causes of action. According to Plaintiff, these losses exceed $100,000. *See* Pl.'s Resp. to Defs.' Mot. for Summ. J., pp. 2-3 (Docket No. 68) ("Plaintiff's disclosures were made both prior to the litigation, when he exchanged numerous emails and items of correspondence with the Defendants' claims representative, forensic accountant, and with other Hartford representatives, as well as in the course of discovery on this matter. . . . . Specifically, Mr. Crandall's document production clearly discloses the sum of $27,500 in Equipment Breakdown coverage and $85,000 in Business

**MEMORANDUM DECISION AND ORDER - 8**

Interruption coverage which CatRisk sustained in the initial incident and thereafter when it was unable to perform under its contracts.").

Defendants do not dispute that Plaintiff disclosed alleged equipment breakdown and business interruption damages *before* bringing this action. Indeed, on June 3, 2009, Plaintiff sent a letter to Mr. Scott Prause with the heading: "Claim for business interruption and extra expense damages." *See* Ex. D to Crandall Decl. (Docket No. 70, Att. 5); *see also* Crandall Decl., ¶¶ 17 & 19 (Docket No. 70). Therein, Plaintiff identified the alleged (1) $27,500 equipment breakdown loss associated with data recovery and physical damage diagnoses from Total Access Data Recovery, and (2) $81,600[4] in business interruption losses related to the loss of billing client, Cherry Lane Family Clinic, P.A. *See id*. Moreover, Defendants do not dispute that Plaintiff produced this same (and other, similar) correspondence in the course of the parties' document production. Instead, Defendants argue that, such documentation notwithstanding, Plaintiffs did not properly disclose his damages via initial disclosures, interrogatory responses, and/or expert reports and, as a result, cannot tether any amount of damages to the remaining causes of action. The Court disagrees – at least within the parameters of Defendants' pending Motion for Summary Judgment.

At this juncture, the question posed by Defendants' Motion for Summary Judgment is straightforward: Was Plaintiff injured/damaged by Defendants' alleged breach of contract? If so, Defendants' Motion for Summary Judgment is denied; if not, Defendants' Motion for Summary Judgment is granted. Given the multiple communications that occurred prior to the filing of the

---

[4] This figure represents a contract period of 24 months at $3,400/month, whereas Plaintiff's briefing identifies $85,000 in business interruption damages over a 25-month period. *See* Pl.'s Resp. to Defs.' Mot. for Summ. J., p. 5 (Docket No. 68).

**MEMORANDUM DECISION AND ORDER - 9**

lawsuit between Plaintiff and Defendants referencing alleged damages, the Court cannot state, as a matter of law, that Plaintiff was not so damaged. Plaintiff's June 3, 2009 letter to Hartford identifies alleged losses that Plaintiff now claims are recoverable under the existing causes of action – damages that appear to be distinct from those identified in Mr. South's report. Whether these damages are, in fact, recoverable, is not before the Court here; rather, that issue serves to create a question of fact, precluding the dismissal of or any remaining portions of Plaintiff's claim against Defendants. Defendants' Motion for Summary Judgment is therefore denied.

This is not to say that Plaintiff's damages are insulated from any pre-trial attack on their admissibility. That is, the Court perceives potential procedural arguments in favor of excluding evidence of Plaintiff's alleged damages when Plaintiff's initial disclosures, discovery responses, and testimony during deposition as to his expert's role in calculating damages may have compromised Plaintiff's ability to even *claim* damages in the context of the remaining claims of the lawsuit. However, Defendants' Motion for Summary Judgment only speaks obliquely to such questions, without formally seeking to exclude Plaintiff's alleged damages for these reasons.

In sum, Plaintiff has sufficiently set out in his briefing that he has communicated and alleged details of equipment breakdown and business interruption losses due to Defendants' conduct.[5] This is enough to raise questions of fact that fend off Defendants' Motion for

---

[5] Defendants separately argue that Plaintiff's $27,500 in equipment breakdown losses are not recoverable because it represents DocTech d/b/a Backups Plus's contractual responsibility to maintain the physical systems that housed CatRisk's software applications - allegedly not a CatRisk obligation. *See* Defs.' Mem. in Supp. of Mot. for Summ. J., pp. 4-5 (Docket No. 67, Att. 1); Defs.' Reply in Supp. of Mot. for Summ. J., pp. 5-6 (Docket No. 71). Even if that position ultimately is well taken, at this stage, it is another question of fact disguised as a coverage issue. Regardless, even assuming such equipment breakdown losses are not recoverable here, Plaintiff still alleges nearly $90,000 in business interruption losses and associated expenses.

**MEMORANDUM DECISION AND ORDER - 10**

Summary Judgment as currently framed.  Importantly, however, the Court's ruling does not rule that Plaintiff is permitted to present evidence of damages at trial if there is foundational or other evidentiary objection to the same; nor does the Court rule today that Plaintiff has actually been damaged to the extent he now claims.  The former question will be decided on another day; the latter question is for the finder-of-fact to determine based upon the evidence presented at trial.

**B.      Defendants' Motion to Allow Additional Written Discovery (Docket No. 55)**

Defendants point out that, in addition to this action, Plaintiff brought a related action in this Court against, among others, Seagate Technology ("Seagate") – the manufacturer of the hard drive that allegedly failed in the at-issue May 21, 2009 incident.  *See* Defs.' Mot. to Allow Add'l Written Disc., pp. 1-2 (Docket No. 55).  That action has since been dismissed following a settlement, contributing to Defendants' request now to propound no more than 15 interrogatories, 15 requests for production, and 15 requests for admission "regarding aspects of the litigation and settlement that are not available through the Court's docket."  *See id*. at p. 2.

Plaintiff opposes Defendant's request for additional discovery, arguing: (1) the December 31, 2010 discovery deadline has passed; (2) Defendants already had ample opportunity to conduct discovery into the Seagate litigation; (3) the Seagate litigation is irrelevant to Defendants' alleged conduct here; and (4) the terms of the settlement are confidential.  *See* Pl.'s Resp. to Mot. to Allow Add'l Written Disc., pp. 2-3 (Docket No. 57).  These arguments are not persuasive.

First, the discovery deadline argument rings hollow when the record indicates that Plaintiff apparently settled with Seagate and dismissed his claims against Seagate around March of 2011 – approximately three months *after* the discovery deadline.  Therefore, good cause exists to modify any applicable scheduling order and allow the requested discovery.  Second, inquiry

**MEMORANDUM DECISION AND ORDER - 11**

into the cause of the failed Seagate hard drive is an issue present here.  Finally, although the terms of any settlement between Plaintiff and Seagate may be confidential, this does not prevent the parties from either entering into a stipulated protective order regarding the use of such information in this action moving forward (which would seem to be a logical course) or, alternatively, Plaintiff separately moving for a protective order as to such matters.  Regardless, Defendants are entitled to discover non-privileged information that is relevant to their defenses on this particular subject.[6]

Therefore, Defendants' Motion to Allow Additional Written Discovery is granted.  Consistent with the Affidavit of Larry C. Hunter in Support of Defendants' Motion to Allow Additional Written Discovery (Docket No. 55, Att. 1), discovery shall be filed within seven days of this Memorandum Decision and Order.

///

///

///

///

///

///

---

[6] Plaintiff argues that, if Defendants' Motion to Allow Additional Written Discovery is granted, "in the interests of fairness and reciprocity," Plaintiff should be permitted to propound "additional discovery to the Defendants in an equivalent form and number of requests . . . ."  *See* Pl.'s Resp. to Mot. to Allow Add'l Written Disc., p. 3 (Docket No. 57).  This request is denied – not only is it not presented by way of a separate motion, Plaintiff fails to offer any reason why good cause exists to allow such open-ended discovery after the December 2011 discovery deadline.  However, to the extent Plaintiff requests that Defendants be required to supplement all of their responses to discovery to date (*see id.*), that request is controlled by the Federal Rules of Civil Procedure.  *See, e.g.*, Fed. R. Civ. P. 26(e).

**MEMORANDUM DECISION AND ORDER - 12**

## III.  **ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 67) is DENIED.  It is ALSO ORDERED that Defendants' Motion to Allow Additional Written Discovery (Docket No. 55) is GRANTED.  The Court will set for hearing Plaintiff's § 6-1604 Motion for Hearing on Punitive Damages (Docket No. 44) after the entry of this Memorandum Decision and Order.



DATED:  **February 27, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**